## Cronauer Appeal.

Argued March 4, 1957.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James Lenahan Brown,* with him *Joseph B. Farrell,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY GUNTHER, J., June 11, 1957:

This is an appeal from the refusal of the Court of Common Pleas of Luzerne County to release appellants from their responsibility for the care and maintenance of Anna Cronauer, an alleged weak-minded person.

The record discloses that Nicholas Cronauer died on January 23, 1949, leaving to survive him seven children, one of whom was Anna Cronauer. The decedent left two pieces of real estate here involved, being 138-142 Hill Street and 169-171 Park Avenue in the city of Wilkes-Barre. On March 31, 1949, a petition for the appointment of a guardian for Anna Cronauer was

presented, alleging that she was unable to take care of her property and sought the appointment of a guardian for her estate. At or about the same time, a petition was also presented asking for the sale of the incompetent's one-seventh interest in the above real estate. On April 21, 1949, one of the appellants, Elizabeth Cronauer Gring, was appointed guardian of Anna Cronauer, and on the same day authorization was given to the guardian to join in a deed, together with the other six children of the decedent, in conveying the property above to appellants in fee simple. The consideration for said conveyance was the obligation of becoming responsible for the care and maintenance of the incompetent for and during her life. In May, 1956, appellants presented their petition seeking to be released from their responsibility for support and maintenance, alleging that their financial position has so changed since 1949 that they are unable to continue said support. They further alleged that the said incompetent is eligible for a grant from the Department of Public Assistance provided the brothers and sisters of the incompetent agree to release appellants and the court approve such release. To said petition was attached a joinder in which all the brothers and sisters agreed to release appellants from the obligation of support assumed and which prayed that the court below grant the release. The Department of Public Assistance indicated a willingness to give a grant to said incompetent provided the previous order requiring appellants to support her is vacated.

A hearing was held on said petition and on May 31, 1956, the court below denied the petition on the ground that there was no corresponding offer to return the property of the incompetent, without which it was powerless to order the release of appellants. From this order, appellants have taken this appeal contend-

ing that the court below has power to modify or revoke its previous decrees and orders.

We do not construe the order of the court below to state that it cannot, under any circumstances, modify the order entered on April 21, 1949. The general power of the court to modify or revoke its order or decree, according to justice and equity and according to the change in circumstances, is an inherent right which will not be disturbed unless there is gross abuse of discretion. However, the important consideration here involved is the fact that appellants have, by their petition, sought the equitable intervention of the court without a corresponding equitable offer on their part. "He who seeks equity must do equity" is a familiar maxim in equity proceedings. Appellants cannot keep the benefits of their bargain and still seek release from their voluntary assumption of obligation for support. We agree with the observation of the learned court below: "We assume that the petitioners are maintaining Anna Cronauer at the moment. If at any time it should appear that they are not, it would be the duty of the court to appoint a guardian ad litem with direction to have the conveyance set aside for failure of consideration".

The order of the court below is accordingly affirmed.